# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MARGARET A. PATTON, | 2:12-cv-002142-GMN -VCF |
| Plaintiff, | **O R D E R** |
| vs. | |
| WAL-MART STORES, INC. AND DOES 1 THROUGH 100; AND ROE CORPORATIONS 101 THROUGH 200, | **(Motion For Extension of Time to Disclose Expert Witnesses #15)** |
| Defendants. | |

Before the Court is Plaintiff Margaret A. Patton's Motion for Extension of Time to Disclose Expert Witnesses. (#15). Defendant Wal-Mart Stores, Inc. (hereinafter "Wal-Mart") filed an Opposition (#20), and Plaintiff filed a Reply (#21).

**I.     Relevant Background**

Plaintiff Patton filed her complaint in the Eighth Judicial District Court, Clark County, Nevada on October 29, 2012, against Defendant Wal-Mart relating to an incident that occurred on Defendant's premises. (#1-2 Exhibit B). Plaintiff sought at least $55,055 in damages. (#1-3 Exhibit C). On December 17, 2012, Defendant removed the action to this Court based on diversity, pursuant to 28 U.S.C. § 1332. (#1).

On January 28, 2013, the parties filed a Proposed Joint Discovery Plan and Scheduling Order, specifying that (1) pre-discovery disclosures will be made by January 30, 2013,  (2) discovery will be completed by March 15, 2013, (3) any motions to amend pleadings or add parties will be filed by February 12, 2013, (4) expert witnesses will be disclosed by March 14, 2013, (5) rebuttal expert

witnesses will be disclosed by April 12, 2013, (6) dispositive motions will be filed by June 13, 2013, (7) a consolidated pre-trial order will be prepared by July 13, 2013, and (8) any stipulations to extend or modify this discovery plan or scheduling order will be made by April 23, 2013. (#9). On January 29, 2013, the Court ordered the parties to file a new Proposed Joint Discovery Plan and Scheduling Order on or before February 8, 2013, because the previous Proposed Discovery Plan and Scheduling Order (#9) contained inconsistent deadlines and did not comply with Local Rule 26-1(e). (#10).

On January 30, 2013, the parties filed a revised Joint Proposed Discovery Plan and Scheduling Order specifying that (1) pre-discovery disclosures will be made by January 30, 2013, (2) discovery will be completed by June 15, 2013, (3) any motions to amend pleadings or add parties will be filed by March 17, 2013, (4) expert witnesses will be disclosed by April 16, 2013, (5) rebuttal expert witnesses will be disclosed by May 16, 2013, (6) dispositive motions will be filed by July 15, 2013, (7) a consolidated pre-trial order will be prepared by August 14, 2013, and (8) any stipulations to extend or modify this discovery plan or scheduling order will be made by May 26, 2013. (#11). On the same day, the Court signed the Proposed Discovery Plan and Scheduling Order (#11), with a discovery deadline of June 15, 2013, a dispositive motions deadline of July 15, 2013, and a Proposed Joint Pretrial Order deadline of August 14, 2013. (#12).

On April 25, 2013, Plaintiff filed a Motion to Extend Time to Disclose Expert Witnesses. (#15). Plaintiff asserts that she had failed to disclose expert witnesses by the agreed deadline due to a clerical error from her counsel's staff. *Id.* On May 3, 2013, Wal-Mart filed a Response in opposition to Plaintiff's Motion to Extend Time (#15). (#20). On May 8, 2013, Plaintiff filed her Reply to Wal-Mart's Response (#20) in support of her Motion (#15). (#21).

On May 5, 2013, the parties filed a Stipulation to Take Certain Depositions Outside the Discovery Deadline. (#22). On the same day, the Court granted the parties' Stipulation (#22). (#23).

**II.     Motion for Extension of Time to Disclose Expert Witness**

    **A.     Plaintiff's Argument**

Plaintiff states that had she been aware of the imminent disclosure deadlines "there would never have been a need to file for a request for an extension [pursuant to Local Rule 26-4]. . . as Plaintiff would have complied with the Scheduling Order." (#21). Plaintiff cites Rule 60 from the Federal Rules of Civil Procedure in support of her Motion (#15), seeking relief from the Scheduling Order due to "excusable neglect." FED. R. CIV. P. 60 (b). Plaintiff asserts that the court should grant the extension because she has satisfied the requirements of the four-part test established by the Supreme Court to determine "excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 394 (1993); (#21). According to Plaintiff, under this test, "the determination of whether neglect is excusable" depends upon "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Pioneer* at 395; *Accord Briones v. Riviera Hotel Casino,* 116 F.3d 379 (9th Cir. 1997); (#21).

Plaintiff argues that Wal-Mart will not be prejudiced by the late disclosures of her expert witnesses because she has not retained any expert witnesses and will be disclosing only her "medical providers and physicians that were previously disclosed pursuant to FRCP 26(f) on January 30, 2013." (#15). Plaintiff stresses that the Motion (#15) was filed only "9 days after the disclosure date," with "no new experts or contentions" beyond those of which "Defendant was already aware" from "previously produced records." *Id*. Plaintiff posits that Wal-Mart's disclosure of its own medical expert witness implies that it had "anticipated that Plaintiff would be presenting medical expert testimony at trial." (#21).

Plaintiff asserts that any delay caused by an extension would be minimal because she "is not seeking a change in any other deadlines;" and since "[d]iscovery is ongoing. . . the late filing should not

have an impact on the discovery process or Defendant's trial preparations." *Id*. Plaintiff states that her failure to timely disclose expert witnesses under the Discovery Plan and Scheduling Order (#12) was the result of a clerical error by her counsel's staff and was a good faith error. (#15). Plaintiff supports her good faith claim by asserting that she promptly submitted the Motion to Extend Time (#15) and has "fully cooperated and continues to cooperate with Defense counsel" by timely responding to all other discovery requests made by Wal-Mart and by "supplement[ing] her initial disclosure with additional surgical records." (#21).

### B.     Wal-Mart's Argument

Wal-Mart argues in its Response to the Motion for Extension of Time (#15) that Plaintiff should be precluded from disclosing the expert witnesses because she (1) has failed to comply with Local Rule 26-4's requirement that any motions to extend discovery deadlines be submitted "21 days before the expiration of the subject deadline," (2) has not shown "good cause" for an extension of the deadline because clerical errors do not, on their own, satisfy this requirement, and (3) has not met the burden of proving that the delay was "substantially justified." (#20). Wal-Mart asks that the Court deny Plaintiff's Motion (#15) pursuant to Rule 37(c) of the Federal Rules of Civil Procedure. *Id*.

Wal-Mart asserts that Plaintiff's Motion (#15) is "improper as it was filed on April, 25, 2013," but "should have been filed on or before March 26, 2013," to comply with the requirements of Local Rule 26-4. (#20). Wal-Mart contends that, absent other circumstances, a clerical error as to the disclosure deadline does not constitute "good cause" warranting an extension of time. *Id*. Wal-Mart cites Local Rule 26-1's requirement that disclosures for expert witnesses "must be made sixty (60) days before the discovery cutoff date" to support its assertion that Plaintiff's dilatory conduct "cannot constitute 'good cause' for failing to remember the deadline until nine days after the disclosure was due." *Id*. Wal-Mart reasons that, because Plaintiff fails to satisfy the so-called "'diligence of counsel'"

standard," she "cannot satisfy the much higher 'substantial justification' standard" for exemption under Federal Rule 37(c). *Id*.

Wal-Mart argues that allowing Plaintiff to untimely disclose her expert witnesses "grossly prejudices Walmart in its ability to evaluate its potential exposure in this matter and its need to retain experts." *Id*. Wal-Mart cites *Wong v. Regents of the Univ. Of Cal.* in support of its claim that Plaintiff's conduct does not satisfy the "harmless" standard of Rule 37 because "[d]isruption to the schedule of the court and other parties is not harmless." *Wong*, 410 F.3d 1052, 1062 (9th Cir. 2005); (#20). Wal-Mart claims that allowing Plaintiff to untimely disclose her expert witnesses would serve "as a reward for the imprudent mismanagement on the part of Plaintiff" and "would essentially penalize Walmart" for having "timely disclosed its expert and report." *Id*.

### C.  Discussion

The Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Although Plaintiff undisputedly missed the deadline to disclose her expert witnesses, it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962).

#### 1.  Whether Plaintiff's Treating Physicians Should Be Disclosed As Expert Witnesses Under Rule 26(a)(2)

Generally, Rule 26(a)(2) does not apply to treating physicians because they are "not 'retained or specially employed to provide expert testimony'– a treating physician is a percipient witness of the treatment he rendered." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011). When, however, a treating physician renders "expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2)." *Id*. at 820; *see also Meyers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734-35 (7th Cir. 2010)

(holding that treating physicians who provide expert testimony as to elements of causation should be disclosed under Rule 26(a)). Here, although Plaintiff's proposed expert witnesses are all treating physicians, because they will be providing testimony relating to the causation element of Plaintiff's injuries (#15 Exhibit D), Rule 26(a)(2) applies.

### 2. Whether Plaintiff Should Be Sanctioned Under Rule 37(c)(1) For Failure To Comply With Rule 26(a)(2)

Rule 37(c) of the Federal Rules of Civil Procedure sets forth the appropriate sanctions for parties who fail to disclose witnesses pursuant to Rule 26(a). The purpose of the rule is to "'give[] teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Goldman*, 644 F.3d at 827; *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2011). While some courts have read Rule 37 as "a self-executing, automatic sanction" to be applied "unless the failure was substantially justified or is harmless," *e.g.*, *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008), the rule "does not require the court, in all instances, to exclude evidence as a sanction for a late disclosure that is neither justified nor harmless." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011). The Ninth Circuit "'give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)' because [it] 'is a recognized broadening of the sanctioning power.'" *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1245 (9th Cir. 2012); *Yeti*, 259 F.3d at 1106; *Hoffman*, 541 F.3d at 1178.

The Ninth Circuit has established a five-factor test to determine whether Rule 37 sanctions are proper: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; [and] 5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997); *Jackson*, 278 F.R.D. at 594. This circuit further requires that courts "consider

whether the claimed noncompliance involved willfulness, fault, or bad faith" when sanctions under Rule 37 "amount[] to dismissal of a claim." *R & R*, 673 F.3d at 1247; *cf.*, *Yeti*, 259 F.3d at 1106 (when sanctions under Rule 37 do not amount to dismissal, considerations of "bad faith" are not necessary).

Rule 37 sanctions to exclude evidence or witnesses will more likely be imposed when a party makes the initial disclosure "shortly before trial or substantially after discovery has closed." *Jackson*, 278 F.R.D. at 594. By contrast, a court will be more lenient "if a disclosure is made sufficiently in advance of the discovery cut-off date to permit the opposing party to conduct discovery and defend against the damages claims." *Frontline Med. Associates, Inc. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009). At the time Plaintiff filed her Motion to Extend Time (#15), nine days had passed since the deadline to disclose expert witnesses, but fifty one days remained before the deadline to complete discovery. Despite Plaintiff's dilatory conduct, allowing her to disclose her expert witnesses will neither delay trial nor significantly disrupt the current Scheduling Order (#12). The Court recognizes that the late designations may be accompanied by additional reports and disclosures required by Rule 26(a); however, because the parties have agreed to take the deposition of Dr. William D. Smith outside of the discovery deadline (#23), Wal-Mart will have sufficient time to prepare for examination.

Wal-Mart argues that it will suffer "gross prejudice" if the Court allows Plaintiff to disclose her expert witnesses because it may reevaluate "its need to retain experts." (#20). Although Plaintiff failed to disclose her expert witnesses, she previously disclosed their records "pursuant to FRCP 26(f) on January 30, 2013" (#15), and has stressed that her "[e]xpert [d]isclosure is completely based upon medical records that were previously produced and readily available to Defendant" (#21). In light of Plaintiff's previously disclosed records, Wal-Mart retained Dr. Steven McIntire as its own expert. (#21) Wal-Mart "has not been unduly surprised or harmed" by Plaintiff's "failure to disclose a few medical providers" as expert witnesses. *Jackson*, 278 F.R.D. at 595. Because Wal-Mart's expert witness, Dr. McIntinre, could review the same medical records from which Plaintiff's expert witnesses will base

their testimony, Plaintiff's failure to comply with Rule 26(a) "does not warrant the severe sanction of dismissal or an order that precludes Plaintiff[] from introducing any evidence in support of [her] claim." *Id*.

The Court agrees with Wal-Mart that Plaintiff should not be given "a reward for the imprudent mismanagement" (#20) of her counsel's careless calendaring, but in actions such as this, the imposition of Rule 37 sanctions to preclude disclosure of expert witnesses is tantamount to dismissal of the claim. "What is most critical for case-dispositive sanctions. . . is whether the discovery violations 'threaten to interfere with the rightful decision of the case.' (citation omitted).  While contumaciousness toward the court needs a remedy, something other than case-dispositive sanctions will often suffice." *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).  The Court therefore awards Wal-Mart reasonable fees and costs related to the filing of its Response to Plaintiff's Motion (#20).  The award is imposed on Plaintiff's counsel because the failure to comply was the fault of counsel and not the party.

Accordingly and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff Margaret A. Patton's Motion For Extension of Time To Disclose Expert Witnesses (#15) is GRANTED.

///

///

///

///

///

///

///

///

IT IS FURTHER ORDERED that:

(1) On or before June 12, 2013, Plaintiff's counsel must pay $500 in fees and costs to Defendant Wal-Mart.

(2) Plaintiff must serve her Expert Witness disclosures in accordance with Rule 26(a)(2) on or before June 12, 2013, and all Rebuttal Expert Witness disclosures must be served on or before June 26, 2013.

DATED this 29th day of May, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE