**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MARGARET PATTON,

        Plaintiff,

vs.

WAL-MART STORES, INC.,

        Defendant.

2:12–cv–02142–GMN–VCF

**<u>ORDER</u>**

    Before the court is Defendant Wal-Mart Stores, Inc.'s Rule 12(f) Motion to Strike Plaintiff's Argument (#36[1]). Plaintiff Margaret Patton filed an Opposition (#38); and Wal-Mart replied (#39).

    Wal-Mart's motion to strike is denied. Wal-Mart asks the court to strike an argument from Patton's reply brief (#34), which concerns Patton's pending motion for sanctions (#26), because the argument was not previously raised and, purportedly, is waived. (*See* Def.'s Mot. to Strike (#36) at 2). Wal-Mart makes this motion pursuant to Federal Rule of Civil Procedure 12(f).

    Rule 12(f) provides, "[t]he court may strike from a ***pleading*** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f) (emphasis added). Reply briefs are not pleadings. *See* FED. R. CIV. P. 7(a); *see also* 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE 1380 & n. 8.5 (3d ed. 2012) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).")

---

[1] Parenthetical citations refer to the court's docket.

1

The court notes that is has inherent authority to strike a party's papers and motions. *See Metzger v. Hussman*, 682 F. Supp. 1109, 1110 (D. Nev. 1988) (Chief Judge Reed). However, the court declines to exercise that authority at this time and will reconsider Wal-Mart's concern when the court addresses Patton's motion for sanctions (#34).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant Wal-Mart Stores, Inc.'s Rule 12(f) Motion to Strike Plaintiff's Argument (#36) is DENIED.

IT IS SO ORDERED.

DATED this 4th day of October, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE