**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MARGARET A. PATTON, | |
| Plaintiff, | 2:12–cv–02142–GMN–VCF |
| vs. | **ORDER** |
| WAL-MART STORES, INC., | |
| Defendant. | |

Before the court is Defendant Wal-Mart Stores Inc.'s motion to exclude untimely disclosed damages (#40). Plaintiff Margaret Patton responded (#43). Wal-Mart did not file a reply.

Wal-Mart's motion is denied without prejudice. Under Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26-7(b), "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." LR 26-7(b); see also Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").

It is axiomatic that failure to comply with Rule 37's certification requirement or Local Rule 26-7(b) warrants the denial of a motion. *See Shuffle Master, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 172 (D. Nev. 1996) (holding that personal consultation means the movant must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention).

1

1    In addition to being mandated by the Federal and Local Rules, denying Wal-Mart's motion is appropriate under the court's equitable powers. Under the current briefing schedule for the instant motion, Wal-Mart's time to file a reply has expired. *See* LR 7-2(c) (stating that replies must be filed within seven days of the nonmoving party's opposition); *see also* FED. R. CIV. P. 6(a)(1)(B) (stating that weekends are included in the computation of time under the Federal Rules). Denying Wal-Mart's motion without prejudice provides Wal-Mart with an opportunity to file a reply if the parties cannot resolve the matter by meeting and conferring.

Finally, the court notes that a motion hearing on Patton's motion for the spoliation of evidence (#26) is scheduled for November 15, 2013. (*See* Min. Order #41). In the event that (1) Wal-Mart and Patton cannot resolve the dispute raised by Wal-Mart's motion (#40) without court intervention and (2) Wal-Mart renews the instant motion before November 8, 2013, the parties will be prepared to address the issues raised by Wal-Mart's motion (#40) during the November 15, 2013 hearing.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Wal-Mart's motion (#40) is DENIED.

IT IS FURTHER ORDERED that a motion hearing will be set for November 15, 2013 at 10:00 a.m. in courtroom 3D if, and only if: (1) Wal-Mart and Patton cannot resolve the dispute raised by Wal-Mart's motion (#40) without court intervention and (2) Wal-Mart renews the instant motion before November 8, 2013.

IT IS SO ORDERED.

DATED this 30th day of October, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE