**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MARGARET PATTON, | |
| Plaintiff, | 2:12–cv–02142–GMN–VCF |
| vs. | |
| | **ORDER** |
| WAL-MART STORES, INC., | |
| Defendant. | |

Before the court is Defendant Walmart Stores, Inc.'s motion to exclude Plaintiff Margaret Patton's untimely disclosed damages (#45[1]). Patton filed an opposition (#46); and Walmart replied (#47).

**BACKGROUND**

This matter arises out of Plaintiff Margaret Patton's slip and fall at a Walmart in Henderson, Nevada. In the motion before the court, Walmart moves to exclude a portion of Patton's computation of damages, which were allegedly untimely disclosed. (Def.'s Mot. to Exclude (#45) 3:13–18). The relevant facts follow.

On June 10, 2011, Patton slipped, fell, and injured her back. (Compl. (#1-2) at 2:11). On October 29, 2012, she filed a personal injury action in the Eight Judicial District Court for Clark County, Nevada. (Notice Removal (#1) at 1:22–24). On December 17, 2012, Walmart removed Patton's action to

---

[1] Pathetical citations refer to the court's docket.

1

this court by predicating federal jurisdiction, in part, on the cost of Patton's upcoming spinal surgery. (*Id*. at 3:12–14).

On January 30, 2013, Patton and Walmart entered a joint discovery plan and scheduling order. (Disc. Plan #12). In pertinent part, the order (1) required Patton to disclose a computation of damages on the same day, January 30, 2013, and (2) set a discovery cut-off date of June 15, 2013. (*Id*. at 1:23, 2:6).

On January 30, 2013, Patton served Walmart with her Rule 26(a) disclosures. (Def.'s Mot. to Exclude (#45) at Ex. A). The disclosures itemized $84,273.70 in past medical expenses for Patton's spine surgery. (*Id*.) The disclosure did not itemize any damages for future medical expenses for Patton's spine injury. (*Id*.)

On February 5, 2013, Patton supplemented her disclosures. (*Id*. at Ex. B). Again, the disclosures itemized $84,273.70 in past medical expenses for Patton's spine injury and did not itemize any damages for future medical expenses for the injury. (*Id*.) Patton's supplement, however, notified Walmart that Patton "will incur more medical specials as [Patton] schedules her spine surgery." (*Id*. at 7:12–15).

On March 14, 2013, Walmart contacted Patton and told her that her failure to timely disclose future medical expenses could result in the exclusion of evidence of future damages under Federal Rule of Civil Procedure 37(c)(1). (*Id*. Ex. C).

On April 12, 2013, Patton supplemented her disclosures a second time. (*Id*. at Ex. D). The supplement itemized $129,816.22 in past medical expenses and, again, did not itemize any damages for future medical expenses. (*Id*. at 8:7–10). Like the previous supplemental disclosure, this supplemental disclosure also stated that Patton "will incur more medical specials as [Patton] schedules her spine surgery." (*Id*. at 8:7–10).

On April 18, 2013, Walmart contacted Patton a second time. (*Id*. at Ex. E). Because Patton served Walmart with three Rule 26 disclosures, none of which itemized damages for future medical

2

expenses, Walmart stated that it would move to exclude any damages for future medical expenses if Patton attempted to introduce evidence of damages for future medical expenses. (*Id*.)

On April 26, 2013, and June 12, 2013, Patton supplemented her disclosures a third and fourth time. (*Id*. Ex. F, Ex. G). Again, Patton's disclosures only itemized past medical expenses, which now included Patton's spinal surgery and increased Patton's total past damages to $130,679.22. (*Id*. at 12:1–9). Additionally, Patton's third and fourth supplements notified Walmart that Patton "is expected to incur more medical bills once she begins physical therapy." (*Id*. at 12:3–7).

On June 17, 2013, discovery closed and the parties began settlement negotiations. (*See* Mins. Proceedings #49).

On August 6, 2013, and September 10, 2013, Patton served Walmart with her fifth and sixth supplemental disclosures, which are the subject of the instant motion. (Def.'s Mot. to Exclude (#45) at Ex. H, Ex. I). These disclosures itemized $254,375.06 and $259,760.06 in past medical expenses.

Because Patton's September 10, 2013, supplemental disclosures dramatically increased the amount in controversy, Walmart filed the instant motion for sanctions on October 30, 2013. (Def.'s Mot. (#45) at 1–7).

**LEGAL STANDARD**

The guiding premise of the Federal Rules of Civil Procedure is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Rule 26(a)(1), which governs initial disclosures, effectuates Rule 1's purpose by imposing an affirmative duty on litigants to disclose certain information without waiting for a discovery request. *See* FED. R. CIV. P. 26(a)(1), Advisory Committee Notes, 1993 Amendments.

The information that Rule 26(a)(1) requires litigants to disclose includes a computation of damages for each category of damages that is claimed. FED. R. CIV. P. 26(a)(1)(A)(iii). In turn, Rule

26(e)(1)(A) requires litigants to supplement initial disclosures "in a timely manner if the party" making the disclosure learns "that some material respect" of the disclosure changed. FED. R. CIV. P. 26(e)(1)(A). Rule 26(e) does not create a "loophole" for a party who wishes to revise its initial disclosures to its advantage after the deadline has passed. *Luke v. Family Care and Urgent Medical Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009). Supplementation merely means "correcting inaccuracies . . . based on information that was not available at the time of the initial disclosure." *Id*. (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (finding a second disclosure so substantially different from the first that it could not qualify as a correction of an incomplete or inaccurate expert report)). The purpose of these rules is "to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." FED. R. CIV. P. 26(a), Advisory Committee Notes, 1993 Amendments, Subdivision (a).

If a party fails to timely disclose or supplement a computation of damages for each category of damages that is claimed, that party is not allowed to use the information at a hearing or at trial unless the failure to timely disclose the information was substantially justified or harmless. *See* FED. R. CIV. P. 37(c)(1). The party facing sanctions under Rule 37 bears the burden of showing substantial justification or harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106–07 (9th Cir. 2001). The district court has wide latitude in using its discretion to impose discovery sanctions. *Id*. at 1106.

**DISCUSSION**

Walmart's motion raises two questions. First, whether Patton violated Rule 26(a)'s initial disclosure requirements. Second, whether Patton satisfied her burden under Rule 37. The court discusses each inquiry below.

4

### A.     *Patton Failed to Comply with Rule 26(a)*

The court finds that Patton violated Rule 26(a)'s disclosure requirements for three reasons. First, the principle purpose of Rule 26(a) is to give opposing parties a reasonable opportunity to prepare for trial. *See, e.g.*, *Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995), cert. denied, 516 U.S. 822 (1995). Towards this end, the Advisory Committee Notes state that "litigants should not indulge in gamesmanship with respect to the disclosure requirements." FED. R. CIV. P. 26(a), Advisory Committee Notes, 1993 Amendments, Subdivision (a), Paragraph (1). Whether intentional or not, Patton's failure to disclose approximately $129,080.84 in damages until after the close of discovery gives the appearance of gamesmanship and has the effect of impairing opposing counsel's opportunity to prepare for trial.

Second, the Ninth Circuit prohibits the conduct Patton has engaged it. The Court has held that Rule 26(e), which requires litigants to supplement initial disclosures, does not create a "loophole" for a party who wishes to revise its initial disclosures to its advantage after the deadline has passed. *Luke v. Family Care and Urgent Medical Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009). The Court stated that supplementation merely means "correcting inaccuracies . . . based on information that was not available at the time of the initial disclosure." *Id.* (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (finding a second disclosure so substantially different from the first that it could not qualify as a correction of an incomplete or inaccurate expert report)). The inference that should be drawn from this is that because supplementation means "correcting inaccuracies," it does not permit adding additional information.

Adding and not supplementing, however, is exactly what Patton did. By waiting to disclose approximately $129,080.84 in damages until after the close of discovery, Patton re-characterized future damages—which should have been disclosed on January 30, 2013 under Rule 26(a)(1)(A)(iii)—as past

5

damages, which she supplemented under Rule 26(e). This reopened the loophole that the Ninth Circuit closed. *Luke*, 323 Fed. Appx. at 500.

Third, decisions by Magistrate Judges Leen, Johnston, and Hoffman excluded untimely disclosed damages in factually analogous situations. *Shakespear v. Walmart Stores, Inc.*, No. 12–cv–1064 (D. Nev. July 8, 2013); *Baltodano v. Walmart Stores, Inc*., No. 10–cv–2062 (D. Nev. Aug. 31, 2011); *Olaya v. Walmart Stores, Inc*., 11–cv–0997 (D. Nev. Aug. 7, 2012).

Having decided that Patton failed to comply with Rule 26(a)'s disclosure requirements, the court now considers whether Patton satisfied her burden under Rule 37.

### B.   *Patton did not Satisfy her Burden under Rule 37*

As discussed above, if a party fails to timely disclose a computation of damages under Rule 26(a), that party is not allowed to use the information at trial unless the failure to timely disclose the information was substantially justified or harmless. *See* FED. R. CIV. P. 37(c)(1). The party facing sanctions under Rule 37 bears the burden of showing substantial justification or harmlessness. *Yeti by Molly, Ltd*., 259 F.3d at 1106–07. In the Ninth Circuit, substantial justification or harmlessness or harmlessness is governed by four factors: (1) prejudice or surprise; (2) the ability to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness. *Manneh*, No. 08–cv–653, 2010 WL 3212129 at *2. Each factor is addressed below.

First, Patton contends that Walmart is not surprised or prejudiced because Walmart knew that Patton was surgical. (*See* Pl.'s Opp'n (#46) at 10). Patton relies on the fact that she provided Walmart with an independent medical exam, the "records and bills from her surgeon, the records and bills from her pre-operative clearance, the operative report and records from [the] surgery center of Southern Nevada, and the records from her follow up visits to her spinal surgeon" before the close of discovery. (Pl.'s Opp'n (#46) at 12:6–14).

6

As discussed during the court's November 15, 2013 hearing, the essence of Patton's argument is that Walmart was on notice of an upcoming surgery and, therefore, is neither surprised nor prejudiced by Patton's untimely disclosures. (*See* Mins. Proceedings #49). Mere notice of an upcoming surgery, however, cannot substitute for the disclosure that is required by Rule 26(a). Patton's argument assumes that Walmart could have calculated the cost of Patton's surgery on its own. Assuming, *arguendo*, that this is true, Patton's argument is misplaced. Actual cost is not Rule 26(a)(1)(A)(iii)'s focus. The plain language of the rule states that "a party must . . . provide . . . a computation of each category of damages ***claimed by the disclosing party***." FED. R. CIV. P. 26(a)(1)(A)(iii) (emphasis added). As this language indicates, for disclosures purposes damages are determined, not by actual cost, but by what the party claims. *See, e.g.*, *Sylla–Sawdon*, 47 F.3d at 284 (stating that the purpose of Rule 26(a) is to enable parties to prepare for trial, not calculate liability).

Second, Patton argues that any potential harm can be cured by reopening discovery on a limited basis. (Pl.'s Opp'n (#46) at 14). This, however, neglects the overarching purpose of the Federal Rules of Civil Procedure as announced by Rule 1 and implemented by Rule's 26(a) and 37(c). Rule 1 instructs the courts to construe and administer the Rules "to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Rule 26(a) effectuates this purpose by requiring parties to make disclosures without waiting for a discovery request. FED. R. CIV. P. 26(a). In turn, Rule 37(c) "gives teeth" to the disclosure requirements by implementing self-executing sanctions. *Yeti by Molly, Ltd.*, 259 F.3d at 1106. It needs no citation of authority to recognize that discovery—even on a limited basis—is expensive. Permitting Patton to cure her violation of Rule 26(a) by reopening discovery would, in effect, violate Rule 1 and Rule 37(c). The court, therefore, declines to follow Patton's suggestion.

Third, Patton argues that the late disclosures will not disrupt trial because the issue for trial is causation and the relation between Patton's fall and her need for surgery—not the cost of the surgery.

7

(Pl.'s Opp'n (#46) at 15:9–10). This argument fails to persuade. In *Shakespear*, *Baltodano*, and *Olaya*, three U.S. Magistrate Judges in this district stated that untimely disclosures disrupt trial because they impede the other party's ability to marshal a timely and proportional defense. This court agrees.

Fourth, Patton asserts sanctions should not be imposed because she did not act with bad faith or willfulness. (*Id.*) This argument also fails to persuade. The court does not presume to know Patton's precise state of mind when she failed to disclose her damages. However, in light of Walmart's repeated requests for a computation of future damages, Patton's failure to comply with Walmart's requests and Rule 26(a)'s directive gives the appearance of bad faith.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant Walmart Stores, Inc.'s motion to exclude Plaintiff Margaret Patton's untimely disclosed damages (#45) is GRANTED.

IT IS FURTHER ORDERED that, pursuant to Rule 37(c)(1), Patton may not use damages disclosed in her August 6, 2013, and September 10, 2013 disclosures at trial.

IT IS SO ORDERED.

DATED this 19th day of November, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE