# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Margaret A. Patton, )<br><br>Plaintiff, )<br>vs. )<br><br>Wal-Mart Stores, Inc., )<br><br>Defendant. )<br>_____ ) | Case No.: 2:12-cv-02142-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion for Summary Judgment (ECF No. 27) filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), to which Plaintiff Margaret A. Patton has filed a Response (ECF No. 33) and Defendant has filed a Reply (ECF No. 35).  On February 11, 2014, the Court held a hearing on the motion, and permitted the parties to submit additional briefing. (ECF No. 53.)  On February 25, 2014, both parties filed Supplemental Briefs (ECF Nos. 54, 55.)

## I. BACKGROUND

Plaintiff alleges negligence claims against Defendant arising from her slip and fall while shopping on Defendant's premises. (Compl., Ex. B to Notice of Removal, ECF No. 1-2.) Plaintiff alleges that she suffered injuries as a result of Defendant's breach of duty relating to premises liability and hiring and supervision. (*Id.*)

In July 2013, the day before Defendant filed the instant Motion for Summary Judgment (ECF No. 27), Plaintiff filed a Motion for Sanctions for Spoliation of Evidence (ECF No. 26) relating to Defendant's destruction of video evidence of the events from which Plaintiff's claims arise.  Months after the motions were fully briefed, and after the expiration of a stay requested by the parties in order to pursue mediation and settlement discussions (*see* Order,

July 26, 2013, ECF No. 31), United States Magistrate Judge Cam Ferenbach granted Plaintiff's Motion for Sanctions (ECF No. 26), finding that Defendant should be sanctioned in the form of an adverse inference jury instruction relating to the destroyed video evidence. (Order, Nov. 20, 2013, ECF No. 51.)

Despite this ruling, Defendant maintains its argument that even drawing all inferences in Plaintiff's favor, no reasonable jury could return a verdict for Plaintiff; and accordingly, that it is entitled to summary judgment in its favor.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp.*

1   *Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

2   In contrast, when the nonmoving party bears the burden of proving the claim or defense,

3   the moving party can meet its burden in two ways: (1) by presenting evidence to negate an

4   essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

5   party failed to make a showing sufficient to establish an element essential to that party's case

6   on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–

7   24.  If the moving party fails to meet its initial burden, summary judgment must be denied and

8   the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*,

9   398 U.S. 144, 159–60 (1970).

10   If the moving party satisfies its initial burden, the burden then shifts to the opposing

11   party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v.*

12   *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute,

13   the opposing party need not establish a material issue of fact conclusively in its favor.  It is

14   sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the

15   parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

16   *Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid

17   summary judgment by relying solely on conclusory allegations that are unsupported by factual

18   data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go

19   beyond the assertions and allegations of the pleadings and set forth specific facts by producing

20   competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

21   At summary judgment, a court's function is not to weigh the evidence and determine the

22   truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

23   The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn

24   in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is

25   not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. DISCUSSION

"In a negligence action, the plaintiff has the burden of demonstrating the following: (1) that the defendant had a duty to exercise due care with respect to the plaintiff; (2) that the defendant breached this duty; (3) that the breach was both the actual and proximate cause of the plaintiff's injury; and (4) that the plaintiff was damaged." *Joynt v. Cal. Hotel & Casino*, 835 P.2d 799, 801 (Nev. 1992).

A "'business owes its patrons a duty to keep the premises in a reasonably safe condition for use.'" *FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012) (quoting *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993)).  Here, the parties do not appear to dispute that Defendant had a duty to exercise care with respect to Plaintiff.

Instead, Defendant disputes the sufficiency of Plaintiff's evidence as to breach and causation in arguing that it is entitled to summary judgment. (Mot. Summ. J., ECF No. 27.) "Where a foreign substance causing a slip and fall is made to be on the floor by the business owner or one of its agents, then 'liability will lie, as a foreign substance on the floor is usually not consistent with the standard of ordinary care.'" *FGA, Inc. v. Giglio*, 278 P.3d at 496 (quoting *Sprague*, 849 P.2d at 322).  "Traditionally, where a foreign substance causing a slip and fall results from 'the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it.'" *Id*. (quoting *Sprague*, 849 P.2d at 322–23).[1]

Defendant argues that Plaintiff has failed to make a prima facie showing of negligence because Plaintiff has not shown that Defendant had actual or constructive notice of a hazardous condition. (Mot. Summ. J., 7–13.)  The Magistrate Judge's ruling on Plaintiff's Motion for

---

[1] "[T]here is a modern trend toward modifying this traditional approach to premises liability to accommodate newer merchandising techniques, such as the shift that grocery stores have made from clerk-assisted to self-service operations." *FGA, Inc. v. Giglio*, 278 P.3d at 496.  However, neither party appears to argue that this approach should be applied here.

Sanctions for Spoliation of Evidence (ECF No. 26) had not yet been entered when briefing concluded, and in the original briefing Defendant does not address whether the missing video footage would have supported Plaintiff's claim that Defendant had notice of the hazard. (*See* Reply to Mot. Summ. J., 7:9-25, ECF No. 35.)

After briefing concluded, the Magistrate Judge found that an adverse inference jury instruction was appropriate because Defendant had notice that the video evidence was potentially relevant to the litigation before it was destroyed, and its conduct in failing to preserve the evidence was willful or grossly negligent. (Order, Nov. 20, 2013, ECF No. 51.)

"A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 824 (9th Cir. 2002) (internal quotation marks omitted). "This power includes the power to sanction the responsible party by instructing the jury that it may infer that the spoiled or destroyed evidence would have been unfavorable to the responsible party." *Id.* "When relevant evidence is lost accidentally or for an innocent reason, an adverse evidentiary inference from the loss may be rejected." *Id.*

The Court cannot construe the Magistrate Judge's findings as a determination that the video evidence was lost accidentally or for an innocent reason. And the Court finds no basis to disagree with the Magistrate Judge that an appropriate sanction is an instruction to the jury that it may infer that the video evidence would have been unfavorable to Defendant.

Despite these findings, Defendant relies on the Ninth Circuit's holding in *Med. Lab.*, 306 F.3d at 825, for the proposition that summary judgment may still be granted in its favor. (*See* Def.'s Supp. Brief, ECF No. 55.) In *Med. Lab.*, the Ninth Circuit affirmed the district court's summary judgment ruling in favor of a defendant where the defendant lost relevant evidence, but there was no showing of bad faith or intentional conduct, and the plaintiff had also failed to rely on "not-insubstantial evidence" that was otherwise available. 306 F.3d at 824–25.

1   Here, Defendant cannot show a similar lack of culpability, and also cannot show the

2   availability of some other "not-insubstantial" evidence on which Plaintiff could rely.  Unlike in

3   *Med. Lab.*, where the defendant's expert witness inadvertently left pap smear slides in a

4   Switzerland taxicab and the defendant was unable to recover the original slides after extensive

5   efforts, here, at best, Defendant took no action to preserve the video evidence after receiving

6   notice of the litigation, and its default operating procedure was to periodically erase video data

7   (*see* Briggs Aff., 3:¶14, ECF No. 32-2).  Also distinguishing the instant facts from those in

8   *Med. Lab.*, where secondary evidence of the pap smear slides was available in the form of

9   digital copies, here there is no comparable secondary evidence of the video footage, and

10  Plaintiff has relied on the only other available evidence – eyewitness testimony.

11  Contrary to Defendant's arguments in its Supplemental Brief (ECF No. 55), Plaintiff has

12  proffered evidence in support of her claim, in the form of her own testimony. (*See* Patton Dep.,

13  Ex. A to Response to Mot. Summ. J., ECF No. 33-1.)  During her deposition, Plaintiff testified

14  that two of Defendant's employees were in the aisle as she was entering. (*See* Patton Dep. at

15  77–79.)  Furthermore, no party denies that there was a clear liquid on the floor where Plaintiff

16  was lying after her fall.

17  The Court does not find that Plaintiff's testimony is "utterly inadequate" or

18  "insubstantial" as Defendant urges, particularly in light of Defendant's own actions that have

19  prevented Plaintiff from relying on the video evidence that was available.  Defendant produced

20  the testimony of its own employees, and produced video footage and photographs taken during

21  the time period after Plaintiff's fall, but the existing video footage of the area prior to Plaintiff's

22  fall was destroyed by Defendant.  Although Defendant's employee Mr. Burton testified that he

23  saw no hazard prior to Plaintiff's fall, Plaintiff's testimony as to the presence of Defendant's

24  employees in the aisle as she was entering could lead to an inference that an employee of

25  Defendant had seen the hazard prior to Plaintiff's fall.

Therefore, drawing all reasonable inferences in Plaintiff's favor, as the Court must for the purpose of Defendant's summary judgment motion, the Court finds that a reasonable jury could believe Plaintiff's testimony and disbelieve the testimony of Defendant's witnesses; and together with an adverse jury instruction as to the missing video footage, a reasonable jury could conclude that Defendant more likely than not had actual or constructive notice of the hazardous condition, and therefore breached its duty to maintain its premises in a reasonably safe condition.

For the purpose of this motion, it is not for the Court to decide whether Plaintiff's testimony is credible, or whether Plaintiff is likely to succeed at trial, but only to determine whether there is a genuine dispute of material fact as to Plaintiff's claims.  For the reasons stated in this Order, and at the hearing on the motion, the Court does find that there is a genuine dispute of material fact as to whether Defendant had notice of the hazardous condition, and that Defendant has not met its burden to show that it is entitled to judgment as a matter of law.

**IV. CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment (ECF No. 27) is **DENIED**.

DATED this 4 day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court